**Kamaal Abdulkadir IBRAHIM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72551.**

**Agency No. A75–624–915.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2003.[*]

Decided Dec. 2, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Barton C. Winter, Minneapolis, MN, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Executive Office of Immigration Review, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Margaret Perry, Anh–Thu P. Mai, Office of Immigration Litigation, Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and MCKEOWN, Circuit Judges.

## MEMORANDUM**

Petitioner Kamaal Abdulkadir Ibrahim ("Ibrahim") appeals the Board of Immigration Appeals' ("BIA's") denial of his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We affirm the BIA's order of removal, but remand to the BIA for further proceedings consistent with *Ali v. Ashcroft,* 346 F.3d 873 (9th Cir.2003).

Because the facts are known to the parties we do not repeat them here.

We review the BIA's findings for substantial evidence. *See Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). The BIA's decision must be upheld unless the evidence would compel a reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B). Where, as here, the BIA affirms the IJ's decision without issuing an opinion, we review the IJ's ruling. *See He v. Ashcroft,* 328 F.3d 593, 595–96 (9th Cir.2003).

The IJ denied Ibrahim's application solely on the basis of an adverse credibility finding. Under the substantial evidence standard, the IJ "must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Hartooni v. INS,* 21 F.3d 336, 342 (9th Cir.1994).

Two of the IJ's reasons for questioning Ibrahim's credibility were cogent, and these reasons suffice to uphold the IJ's finding.

First, Ibrahim did not provide verification for the critical parts of his story concerning his time in the Kenyan refugee camps and his journey to America. We have held that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review." *Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000).

In this case the IJ had reason to question Ibrahim's credibility. The IJ gave Ibrahim multiple opportunities to explain his failure to obtain confirmation of his presence in Kenya and his travels. Ibrahim, however, did not identify any specific circumstances that impeded his gathering of evidence. His explanations for why he

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

did not contact the airplane or bus companies, or make a greater effort to contact his family and friends in Kenya, were not credible or sufficient.

Second, Ibrahim's vague, contradictory testimony about his sister provided a sound basis for the IJ legitimately to disbelieve him. Inconsistencies in testimony in an asylum application may provide a cogent reason for an adverse credibility finding if the inconsistencies are "substantial." *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). On the other hand, "[m]inor inconsistencies ... that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

Ibrahim's testimony about the abduction of his sister contained substantial inconsistencies. The abduction was closely connected in time and place to the heart of Ibrahim's asylum claim—his fear of persecution arising from the events of January 24, 1991. Nevertheless, Ibrahim could not account for the significant discrepancy in dates or for how his sister found the family.

Accordingly, the record does not compel a contrary result as to the IJ's negative credibility finding, and we must affirm the BIA's judgment upholding the IJ's order of removal. However, we remand to the BIA for a reconsideration of Ibrahim's case in connection with one of our recent decisions. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

In the recent decision, *Ali,* 346 F.3d at 886, we held that Somali detainees may not be removed to Somalia because it lacks a functioning government to accept them. We interpreted 8 U.S.C. § 1231(b)(2) to authorize the Attorney General to remove an alien only to a country whose government is willing to accept the alien. *See id.* at 881–82.

In addition, we upheld the district court's certification of a nationwide habeas and declaratory class composed of all persons in the United States who are subject to orders of removal to Somalia, and the district court's accompanying order to the INS not to remove any person in this nationwide class to Somalia. *See id.* at 876, 888–89. The *Ali* injunction, so long as it remains in force, appears to bar Ibrahim's deportation to Somalia, where civil war continues and no functioning government exists to accept him.

We remand for further proceedings in light of *Ali.*

**REMANDED.**